# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**STATE OF NEW MEXICO,**

      **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　**No. CIV 00-42 LCS**

**JUDITH DORADO,**

      **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER came before the Court on Defendant Judith Dorado's Notice of Removal *(Doc. 1)*, filed January 11, 2000; the State's Motion for Remand for Lack of Subject Matter Jurisdiction *(Doc. 10)*, filed February 3, 2000; the State's Motion for Remand for Failing to State Grounds Upon Which Federal Jurisdiction is Proper *(Doc. 9)*, filed February 3, 2000; the State's Motion for Remand on Grounds that Notice of Removal was not Filed in a Timely Manner *(Doc. 8)*, filed February 3, 2000; the State's Motion for Just Costs and Any Actual Expenses *(Doc. 11)*, filed February 3, 2000; and the State's Motion for a More Definite Statement *(Doc. 12)*, filed February 3, 2000. The Court has examined the pleadings, the motions and other papers filed by the parties, and the relevant law. The Court also set this matter for a hearing on February 4, 2000, at which time the Defendant failed to appear or to submit evidence on her allegations. The Court proposes finding that Defendant has failed to meet her burden of establishing that removal was proper, and recommends that this action be remanded to state court.

Proposed Findings

The removal of this criminal action is governed by 28 U.S.C. § 1443 (1) and 28 U.S.C. § 1446 (c). To meet the requirements of 28 U.S.C. § 1443 (1), Defendant must identify a right allegedly denied that arises under a federal law providing for specific civil rights. *See Georgia v. Rachel*, 384 U.S. 780, 788 (1966). Next, Defendant must establish that she is being denied or cannot enforce that right in the state courts. *See id.* The rights that she claims she is being denied must arise under a specific civil rights law, as opposed to generalized constitutional guarantees. *See New Mexico v. Torres*, 461 F.2d 342, 343 (10th Cir. 1972).

Procedurally, 28 U.S.C. § 1446(c)(5) requires that this Court conduct a prompt evidentiary hearing to determine if removal should be permitted. After being given the opportunity to present evidence that removal is proper, Defendant has failed to do so. Therefore, I propose finding that Defendant has failed to establish grounds for removal, and recommend that the State's Motion for Remand *(Doc. 9)* be granted.

The State of New Mexico has raised several other issues questioning the propriety of removal. The State challenges the timeliness of removal *(Doc. 8)*, and the subject matter jurisdiction of this Court *(Doc. 10)*. I propose finding that removal was timely because Defendant has not been "arraigned" as that term is used under federal law. Therefore, removal is timely under 28 U.S.C. § 1446(c)(1), which requires removal notices to be filed not later than thirty days after arraignment. As to the State's motion to remand for lack of subject matter jurisdiction, I propose finding that any clerical errors in assigning this case a civil case number instead of a criminal case number do not deprive this Court of jurisdiction to conduct preliminary examinations and hearings

in criminal matters and to issue these proposed findings and recommended disposition to the district judge.

Because I am recommending that this case be remanded to state court due to Defendant's failure to present evidence that would support removal, I propose finding that the State's Motion for a More Definite Statement *(Doc. 12)* be denied as moot. I also propose finding that Plaintiff's Motion for Just Costs *(Doc. 11)* is deemed abandoned because the State presented no evidence or argument on the motion at the February 4, 2000 hearing and stated expressly that it had no other issues to raise.

Recommended Disposition

I recommend that the State's Motion for Remand for Failing to State Grounds Upon Which Federal Jurisdiction is Proper *(Doc. 9)*, filed February 3, 2000, be GRANTED and that this case be REMANDED to state court. I further recommend that the State's Motion for Remand for Lack of Subject Matter Jurisdiction *(Doc. 10)* and the State's Motion for Remand on Grounds that Notice of Removal was not Filed in a Timely Manner *(Doc. 8)* be denied; that the State's Motion for a More Definite Statement *(Doc. 12)*, be denied as moot; and that the State's Motion for Just Costs *(Doc. 11)* be deemed abandoned. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within twenty days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections

within the twenty day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

F:\aaMagistrateJudge\00-42 pfd